**The STATE of Delaware**

v.

**Barbara FLOWERS.**

Superior Court of Delaware,
New Castle.

April 16, 1973.

H. Murray Sawyer, Jr., Deputy Atty. Gen., Wilmington, for the State.

Louis L. Redding, Asst. Public Defender, Wilmington, for defendant.

QUILLEN, Judge:

The case at bar presents the difficult question of the accused's right to, and the prosecution's privilege against, disclosure of the identity of an informer. See Annot. 76 A.L.R.2d 262.

In this case, the State presented evidence which showed that an unnamed informer introduced a police officer to the defendant and the defendant sold the police officer heroin. The defense was alibi. Disclosure of the identity of the informer was not required at trial. Defendant was convicted by a jury.[1] Defendant has, among other things, moved for a new trial because of the Court's ruling on disclosure of the identity of the informer.

There is almost a natural inclination on the part of lawyers and judges to require disclosure of the identity of anyone that trial testimony indicates was present at the time of the alleged criminal act. The person is a witness and, at first blush, that would seem to end the matter. Moreover, required disclosure would simplify the trial of the case and make the Court's duty less burdensome.

But there are compelling reasons to restrain the lawyer inclination and to examine in some detail the problem on a case by case basis.

Unfortunately, the term informer as used today is generally a far cry from a reference to the good citizen performing his duty. But it is impossible to minimize the value of informers. Today the emphasis is on drug law enforcement and the absolutely essential role of informers and undercover policemen in drug law enforcement is well known. While it might be debated whether this role has in some instances at the local level been over exerted in the case of marijuana and teen age

1. Actually the State claims that the defendant made two sales, one to the police officer and one to the informant. The Court ruled, however, in accordance with prior holdings of this Court, that the name of the buyer in a drug sale case must be disclosed. Rather than disclose the informant's name, the State dropped the second count. No evidence of the sale to the informant was permitted at trial.

problems, there can be little debate about proper public policy in the case of hard drugs such as heroin. No legitimate concern over expanding police power by the use of informers can overbalance the illegal, profit-making, addict-creating and people-killing evil of heroin traffic. Persons who participate in such traffic from the helpless addict to the financial kingpin are a public menace and their apprehension, conviction and confinement are a public necessity. If those who administer the law fail to judge with full recognition of the highly dangerous factual context, they fail to recognize the very function of law and justice.

The problem of the identity of informers is not new. As a leading evidence treatise states:

> "* * *. A genuine privilege, * * *, must be recognized for the *identity of persons supplying the government with information concerning the commission of crimes.* Communications of this kind ought to receive encouragement. They are discouraged if the informer's identity is disclosed. Whether an informer is motivated by good citizenship, promise of leniency or prospect of pecuniary reward, he will usually condition his cooperation on an assurance of anonymity—to protect himself and his family from harm, to preclude adverse social reactions and to avoid the risk of defamation or malicious prosecution actions against him. The government also has an interest in nondisclosure of the identity of its informers. Law enforcement officers often depend upon professional informers to furnish them with a flow of information about criminal activities. Revelation of the dual role played by such persons ends their usefulness to the government and discourages others from entering into a like relationship.

> "That the government has this privilege is well established, and its soundness cannot be questioned."

8 Wigmore on Evidence (McNaughton rev. 1961) § 2374, pp. 761–762.

In the leading New Jersey case on this subject, Chief Justice Weintraub wrote as follows:

> "The privilege exists to secure a flow of vital information which can be had only upon a confidential basis. Not all such information comes from people of high motivation. The police must have the aid of men of lesser quality who respond to selfish inducements, including money. These men are needed for what they know, but also for what they can learn because of their associations. This is especially true with respect to crimes of a consensual nature as to which there is little likelihood that a victim will complain. See Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312, 316, n. 6 (1966), and McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, 71 (1967). The informer, paid or not, is subject to risks of retaliation which a regular member of a police force need not fear and hence, whether paid or not, he comes within the protection of the privilege."

State v. Oliver, 50 N.J. 39, 231 A.2d 805, 807 (1967).

It should also be noted, as Wigmore has, that the privilege of nondisclosure of the identity of an informer qualifies under the general standards for all privileged communications:

> "(1) The communications must originate in a *confidence* that they will not be disclosed.

> "(2) This element of *confidentiality must be essential* to the full and satisfactory maintenance of the relation between the parties.

> "(3) The *relation* must be one which in the opinion of the community ought to be sedulously *fostered.*

> "(4) The *injury* that would inure to the relation by the disclosure of the communications must be *greater than the benefit* thereby gained for the correct disposal of litigation."

Wigmore, *supra,* § 2285, p. 527.

Wigmore has also stated four limitations on the privilege:

"(1) The privilege applies only to the identity of the informer, and not to his communications as such."

"(2) If the identity of the informer is *admitted or known*, then there is no reason for pretended concealment of his identity, and the privilege of secrecy would be merely an artificial obstacle to proof."

"(3) The privilege applies to communications to such officers only as have a *responsibility or duty* to investigate or to prevent public wrongs, and not to officials in general."

"(4) Even where the privilege is strictly applicable, the *trial court may compel disclosure* if it appears necessary in order to avoid the risk of false testimony or in order to secure useful testimony."

It is, of course, the last limitation noted which causes most of the difficulty and most of the litigation. In the leading case of Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 629, 1 L.Ed.2d 639 (1957), a federal evidentiary ruling not grounded on Constitutional rights, Justice Burton wrote:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

In the limited context of sufficiency of an affidavit to support a search warrant, our own Supreme Court has put the issue succinctly:

"Public policy requires that an informer's identity be protected unless the defendant shows that its disclosure would materially aid his defense."

Riley v. State, Del.Sup., 249 A.2d 863, 866 (1969). The same thought has been expressed in other ways. It has been said that the privilege of an informer's identity is protected "unless the judge finds that * * * disclosure of his identity is essential to assure a fair determination of the issues." Uniform Rule of Evidence 36; Model Code of Evidence, Rule 230 (1942).

■ There are standard situations which arise. (1) The informer is used merely to establish probable cause for a search. (2) The informer witnesses the criminal act. (3) The informer participates but is not a party to the illegal transaction. (4) The informer is an actual party to the illegal transaction. The privilege is protected in category 1 (Riley v. State, *supra*) and disclosure is required in category 4 (numerous Superior Court bench rulings including one in this case). Categories 2 and 3 present the difficult situation. Evidently, New Jersey, which has a statute to reinforce the evidentiary privilege, generally extends protection. State v. Oliver, *supra;* compare State v. Roundtree, 118 N.J. Super. 22, 285 A.2d 564 (1971).

In my judgment, in categories 2 and 3, it is difficult to formulate any general rule. It is necessary to look at each case as the *Roviaro* opinion states. The evil to be guarded against is blind acceptance of bald statements from interested parties to the litigation.

■ On the one hand, the Court should not be required to blindly accept the State's contention that anonymity is required and that the unnamed witness, *who has been referred to in trial testimony*, cannot help the defense. Of course, if the State knows the witness can give information favorable to the defense, the State has a duty to disclose. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). But it is no disrespect to the State to say that this country was founded in part on suspicion of, and has continued to be suspicious of, the uncontrolled exercise of police power.

On the other hand, it is more than irksome to see defendants demand disclosure when the greater probability lies in the proposition that disclosure is unnecessary or of no benefit. More often than not only technical point are being made for an appeal. It simply makes little sense to give an uncontrolled tactical weapon to those accused of crime when the odds are against there being any material benefit to the defense on the merits.

It is the Court's duty to protect the public interest including guaranteeing the defendant a fair trial. In balancing the interests involved on the facts of this case, I feel the Court has a duty to inquire further into the "remote possibility that an informer's testimony might serve some defendant." See and compare State v. Oliver, *supra,* at 231 A.2d 810. I note that the problem in this case arose for the first time during the trial.

■ The only prejudice that could, on this record, require a new trial is the possibility that the informer would support the defendant's testimony by failure to place the defendant at the scene of the alleged crime. Considering the conflict in the testimony, I believe that two post trial procedures should be adhered to in this case.

First, the State, by sworn affidavit or affidavits with specific detail supplied directly to the Court and which will be sealed by the Court and made part of the record, should support its representation that it is necessary to preserve the anonymity of the informer in this case. Such affidavits should be filed within ten days of this opinion. I do not mean to suggest that I question the representations of the Attorney General at trial but I think the record should be specific on the need for anonymity.

Second, within ten days of this opinion, at time agreed upon between the Court and the Attorney General, the State shall produce the informer for a private in camera examination by me. The purpose of the examination will be to determine if the disclosure of the identity of the informer for the purpose of being a witness would materially aid the defense. United States v. Jackson, 384 F.2d 825 (3rd Cir. 1967); United States v. Hurse, 453 F.2d 128 (8th Cir. 1971).

If the State fails to comply with the above two directions, unless they are subsequently modified, the defendant's motion for a new trial will be granted and, at the new trial, the name of the informer must be disclosed or the case dismissed. Moreover, if the directions are complied with and the Court finds that disclosure of the identity of the informer for the purpose of being a witness would materially aid the defense, the motion for a new trial will be granted under the same conditions. Obviously, if the State complies with the directions and the Court finds the informer's testimony is not material to the defense, the motion will be denied.

In all other respects than the one discussed above, the Court finds the defendant's post trial motion without merit.