SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

July 13, 2016

STATE MAIL – S980C
Andre G. Fonville
SBI # 00191757
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

RE: *State of Delaware v. Andre G. Fonville*
      ID No: 1409005465

Dear Mr. Fonville:

This is my decision on your Motion for Postconviction Relief. You were arrested on multiple drug-related offenses in September 2014. The charges were based on the fact that the police found drugs after they executed search warrants for your house and a shed on a nearby property owned by your sister. As a result of those charges, you were also charged with violating the terms of your probation. You pled guilty to one count each of Possession of Heroin in a Tier 5 Quantity and Drug Dealing in a Tier 2 Quantity on December 16, 2014. You also admitted that you were a habitual offender and that you had violated the terms of your probation. I sentenced you on the two new drug charges to 20 years and six months at Level V, with credit for 100 days previously served, to be suspended after serving five years and six months at Level V for probation and a drug treatment program. I found you in

violation of your probation and sentenced you to 12 years and six months at Level V, suspended for probation.

You filed a direct appeal with Delaware Supreme Court. In that appeal you alleged 1) the State violated *Brady* by failing to provide you with a copy of the medical examiner's drug test report, 2) the officers exceeded the scope of the search warrant, 3) the search warrant was executed at night when it was a day-time search warrant, 4) the evidence was insufficient to establish the drug possession charge, 5) this Court erred in not sanctioning the State for a discovery violation, and 6) ineffective assistance of counsel.[1] The Supreme Court did not address your ineffective assistance of counsel allegation since it was raised for the first time in your direct appeal. On the five remaining allegations, the Supreme Court found that you had waived them by knowingly, intelligently, and voluntarily entering your guilty plea.[2]

You now allege (1) that your trial counsel should have challenged the search warrant because (a) it was executed in an unreasonable manner, (b) was based upon stale information, (c) covered an abandoned shed on a nearby property that you did not own, and (d) lacked probable cause; (2) your trial counsel should have requested

---

[1] *State v. Fonville*, 125 A.3d 682, at **1 (Del. 2015)(TABLE).

[2] *Id.* at **2.

a *Flowers* hearing to identify the persons who provided the information used to obtain the search warrants for your home and the shed on the nearby property; (3) your trial counsel did not develop mitigating evidence for your sentencing; (4) you were convicted based on evidence that was found in a shed that you had no connection to; (5) the police found evidence that was outside the scope of the search warrant; (6) the State violated *Brady* by not turning over the medical examiner's drug test report; and (7) the Court committed error when it admitted evidence wrongfully obtained.[3]

The State and your trial counsel have filed affidavits in response to your allegations. Given the straightforward nature of your allegations, I have concluded that there is no need to appoint an attorney for you or to conduct an evidentiary hearing. Since you pled guilty, I must first determine if your trial counsel's representation of you left you with no choice but to plead guilty. If it did not, then I must determine if you made a knowing, intelligent and voluntary waiver of your constitutional rights.

---

[3] You raised a number of other allegations in your initial motion for postconviction relief and in your last filing. I have concluded that they all repeated your complaints about the shed on your sister's property. I have not addressed them again because I have adequately addressed that issue before.

## I. Ineffective Assistance of Counsel

You allege (1) that your trial counsel should have challenged the search warrant because (a) it was executed in an unreasonable manner, (b) was based upon stale information, (c) covered an abandoned shed on a nearby property that you did not own, and (d) lacked probable cause; (2) your trial counsel should have requested a *Flowers* hearing to identify the persons who provided the information used to obtain the search warrants for your home and the shed on the nearby property; and (3) your trial counsel did not develop mitigating evidence for your sentencing. The United States Supreme Court has established the proper inquiry to be made by courts when deciding a motion for postconviction relief.[4] In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, the defendant must show: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial."[5] Further, a defendant "must make and substantiate concrete allegations of actual prejudice or risk summary dismissal."[6] It is also necessary that the defendant

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

[5] *State v. Thompson*, 2003 WL 21244679 (Del. Super. April 15, 2003), *citing Strickland*, 466 U.S. 668 (1984).

[6] *State v. Coleman*, 2003 WL 22092724 (Del. Super. Feb. 19, 2003).

4

"rebut a 'strong presumption' that trial counsel's representation fell within the 'wide range of reasonable professional assistance,' and this Court must eliminate from its consideration the 'distorting effects of hindsight when viewing that representation.'"[7]

**(1) The Search Warrant**

You claim that your counsel was ineffective for not challenging the search warrant. There were two search warrants in this case. There was one for your house and one for a shed on a nearby property owned by your sister. You do not distinguish between the two search warrants in your argument. Specifically, you allege that the search warrant a) was executed in an unreasonable manner, b) based upon stale information, c) covered an abandoned shed on a nearby property owned by your sister, and d) lacked probable cause. In his affidavit, your trial counsel stated that he reviewed the evidence provided by the State in discovery, analyzed the contents of the search warrants, and concluded that there was no legitimate basis to challenge them. Your trial counsel also stated he discussed all of this information with you before you decided to accept the State's plea offer. I have reviewed the search warrants and concluded that there was nothing for your trial counsel to challenge.

a. Time of Execution

The search warrants were executed at 6:06 a.m., which means they were not

---

[7] *Coleman*, 2003 WL 22092724, at *2, *quoting Strickland*, 466 U.S. at 689.

5

executed during the nighttime as you allege.

### b. Stale Information

The information in the search warrants was not stale. It was based on an active investigation spanning three months and multiple drug buys, the last of which occurred within a few days of the search warrants being issued and executed. The information in the search warrants covered the period of time from the beginning of July 2014 to the beginning of September 2014. The search warrants were signed on September 4, 2014. There was nothing stale about this information.[8] You also allege that there should have been specific dates for the controlled buys. There is no such requirement.[9]

### c. The Shed

You were certainly connected to the shed even though it was on your sister's property. The evidence indicates that you were selling drugs out of your house and

---

[8] *Sisson v. State*, 903 A.2d 288, 297 (Del. 2006)("With respect to staleness, it is clear that "probable cause must be based on current information, not conjecture, for stale information will not support a finding of probable cause. In other words, "probable cause must exist to believe that the specified items are presently on the premises..." While statements of dates and times are instructive, they are not dispositive to ascertaining the existence of probable cause. Instead, magistrates and courts must consider other factors including the kind of property for which authority to search is sought, and whether the evidence sought is highly incriminating or consumable and thus less or more likely to remain in one location. The validity of probable cause cannot be quantified "by simply counting the number of days between the occurrence of the facts relied upon and the issuance of the affidavit.")(Citations omitted).

[9] *Id.*

using the shed to store the drugs. One of the confidential informants that the police used to buy drugs from you told the police that you used the shed to store the drugs you were selling. This same confidential informant, after participating in one of the controlled buys, told the police that while he was in your house that you told him you did not have enough drugs to complete the deal. You then left your house, went to the shed, and returned to your house with enough drugs to complete the deal. A police officer conducting surveillance of the controlled buy saw you leave your house and go to the shed and return to your house. Your sister told the police that you were allowed to use the shed on her property and that you were the only person who used it. Your sister also told the police you were the only person with a key to the shed. The police found this key on you after they arrested you. After you were arrested and read your *Miranda* rights, you admitted that everything in the shed was yours and that no one else had anything to do with it. You also admitted that you were selling drugs.

### d. Probable Cause

There certainly was probable cause for the police to search your house and the shed for drugs. The police conducted an administrative search of your house in early July 2014 and found drugs. The police conducted three controlled buys of drugs from you at your house. One of the confidential informants that the police used to buy drugs from you told the police that you stored your drugs in the shed. Indeed, this

7

same confidential informant told the police that, during one of the controlled buys, you went to the shed to get enough drugs to complete the transaction. A police officer conducting surveillance of this controlled buy saw you go to the shed and then return to your house. "Probable cause is an elusive concept which avoids precise definition. It lies somewhere between suspicion and sufficient evidence to convict."[10] Probable cause requires a showing of a probability that criminal activity is occurring or has occurred.[11] There certainly was probable cause to search your house and the shed. Quite simply, there were no grounds available for your trial counsel to challenge the search warrants. Your trial counsel's decision to not challenge the search warrants did not leave you with no option but to plead guilty.

### (2) The *Flowers* Motion

You allege that your trial counsel was ineffective because he did not file a *Flowers* motion. You believe that by knowing the identity of the confidential informants, you would then be able to challenge alleged misstatements in the search warrants. As the parties are well aware, a criminal defendant does not have an unqualified right to discover the identity of government informants.[12] Under

---

[10] *O'Neil v. State*, 691 A.2d 50, 54 (Del. 1997).

[11] *Bease v. State*, 884 A.2d 498, 498 (Del. 2005).

[12] *State v. Flowers*, 316 A.2d 564 (Del. 1973).

Delaware Rule of Evidence 509(a), the identity of an informant is privileged. However, Rule 509(c) provides an exception in cases where the informer's testimony will materially aid the defense. If it appears that an informant may be able to give testimony which would materially aid the defense, and the State invokes the privilege, the Court shall give the State an opportunity to show *in camera* facts relevant to determining whether the informer can supply the alleged testimony.

In this case, three different confidential informants provided information. The involvement of the confidential informants was limited to participating in uncharged drug buys, which were used solely as a factual basis to establish probable cause for the search warrants. None of the confidential informants were witnesses, participants in, or parties to the illegal conduct that resulted in your charges. As such, *Flowers* does not require disclosure of the identities of the confidential informants. Therefore, I would not have granted a *Flowers* motion even if your counsel had filed one.

Under your *Flowers* argument, you also allege that the affidavit of probable cause contains deliberate or material misstatements, but you fail to identify what statements are wrong. Without more this allegation is simply conclusory and must be dismissed as such. Your trial counsel's decision to not file a *Flowers* motion did not leave you with no option but to plead guilty.

### (3) Mitigating Evidence

You allege that your trial counsel was ineffective because he failed to investigate and develop mitigating evidence in your case. You allege that had your trial counsel developed mitigating evidence you would not have been forced to plead guilty. Your allegation is vague and conclusory. You do not state what mitigating evidence your trial counsel should have discovered. Presumably, if there was mitigating evidence available, you would have made your trial counsel aware of it. You were facing a life sentence. Your trial counsel was able to take the evidence that was available to him and successfully negotiate a plea where you would only serve five years and six months in jail.

There is also no evidence that you were forced into a plea. The record demonstrates that you entered your plea knowingly, intelligently and voluntarily. This is demonstrated by your answers on the Truth-in-Sentencing Guilty Plea Form and during the plea colloquy. The following are the applicable questions and your answers on the Truth-in-Sentencing Guilty Plea Form.

Have you freely and voluntarily decided to plead guilty to the charges

listed in your written plea agreement?

You answered "yes."

Have you been promised anything that is not stated in your written plea

agreement?

You answered "no."

Has your lawyer, the State, or anyone threatened or forced you to enter

this plea?

You answered "no."

When I took your plea, I asked you if anybody forced you to take the plea and you responded negatively.[13] That is the proper answer for someone who voluntarily wanted to accept the State's plea offer. If you felt that you had been coerced to plead guilty because your counsel failed to develop any mitigating evidence, you should have answered "yes" when I asked you if anybody had forced you to take the plea and you should have answered "yes" to the same question on the Truth-in-Sentencing Guilty Plea Form. You did not. You are bound by your answers in open court.[14] Your trial counsel's handling of developing and investigating the mitigating evidence did not leave you with no option but to plead guilty.

## II. Waiver of Trial Rights

Before accepting a guilty plea, the trial court must engage the defendant in a

---

[13] Plea Transcript at 5 (December 16, 2014).

[14] *Somerville v. State*, 703 A.2d 629, 636 (Del. 1997).

11

series of questions in open court in order to determine the voluntariness of the plea.[15] This plea colloquy must be preserved on the record and the judge must determine that the defendant realizes and understands the nature of the charges and the various penalties provided for that offense.[16] "The record must reflect that a defendant understands that the guilty plea constitutes a waiver of a trial on the charges and the various constitutional rights to which he would have been entitled had he gone to trial."[17] "A defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful."[18] Where the defendant has signed his Truth-in-Sentencing Guilty Plea Form and answered at the plea colloquy that he understands the effects of the plea, the defendant must show by clear and convincing evidence that he did not sign this form knowingly and voluntarily.[19] The Delaware Supreme Court has already made a determination that you entered your guilty plea knowingly, intelligently, and voluntarily, and as such, waived your right to challenge the search warrants, challenge any alleged discovery issues or violations, or to challenge the

---

[15] *Weeks v. State*, 653 A.2d 266, 269 (Del. 1995).

[16] *Sullivan v. State*, 636 A.2d 931, 937 (Del. 1994).

[17] *Id.*

[18] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[19] *Savage v. State*, 815 A.2d 349, 2003 WL 214963, at *2 (Del. Jan. 31, 2003)(Table).

sufficiency of the State's evidence.[20]  There is nothing more for this Court to consider.

## Other Allegations

You allege (1) that the police found evidence that was outside the scope of the search warrant, (2) that the State violated *Brady* by not turning over the medical examiner's drug test report, and (3) the Court committed error when it admitted evidence wrongfully obtained.

### (1)  The Scope of the Search Warrant

You allege that the police exceeded the scope of the search warrant.  The search warrants authorized the police to search your house and the shed for evidence of your possession of drugs and drug dealing.  The police found cocaine in your house and cocaine, crack cocaine, marijuana, heroin, fentanyl patches, oxycodone pills, and drug paraphernalia in the shed.  Those items were certainly within the scope of the search warrants.

### (2)  *Brady* Material

You allege that the State failed to turn over *Brady* material.  Specifically, you allege that the State failed to turn over to you the test report done on the drugs which

---

[20] *State v. Fonville*, 125 A.3d 682, at \*\*2 (Del. 2015)(Table).

would have provided the weight of the drugs that were found in your possession. You argue that if you had the report you could have challenged the State's evidence because you do not believe the evidence supports your conviction of Possession of Heroin in a Tier 5 Quantity. A *Brady* violation is defined as any breach of the broad obligation to disclose exculpatory evidence.[21] In order to establish a *Brady* violation you must show (1) the evidence at issue must be favorable to the accused; (2) the evidence must have been suppressed by the State; and (3) the prejudice must have ensued.[22] You have not set forth any allegations that would support the finding of a *Brady* violation. Moreover, I will note that it is irrelevant whether the evidence in this case would have supported a conviction because you voluntarily pled guilty. You could have waited for the medical examiner's report but you chose to resolve your case beforehand. You knew when you pled guilty that you did not have the medical examiner's report. Furthermore, the Delaware Supreme Court has already made a determination that you entered your guilty plea knowingly, intelligently, and voluntarily, and as such, waived your right to challenge the search warrants, challenge any alleged discovery issues or violations, or to challenge the sufficiency

---

[21] *Atkinson v. State*, 778 A.2d 1058, 1063 (Del. 2011).

[22] *Id.*

14

of the State's evidence.[23]  There is nothing more for me to consider.  This allegation is without merit.

### (3)  Court Error

You allege that the Court erred when it admitted "into evidence the fruits of [the] illegal search and arrest of Defendant."  I note that you did not have a trial and no evidence was admitted against you.  The Delaware Supreme Court has already made a determination that you entered your guilty plea knowingly, intelligently, and voluntarily, and as such, waived your right to challenge the search warrants, challenge any alleged discovery issues or violations, or to challenge the sufficiency of the State's evidence.[24]  There is nothing more for this Court to consider.  This allegation is without merit.

### CONCLUSION

Your Motion for Postconviction Relief is **DENIED**.

---

[23] *State v. Fonville*, 125 A.3d 682, at **2 (Del. 2015)(Table).

[24] *State v. Fonville*, 125 A.3d 682, at **2 (Del. 2015)(Table).

**IT IS SO ORDERED**.

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc:     Prothonotary
        Counsel