**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1808016273 & |
| | ) | 1808016234 |
| VON MILES | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 20, 2019
Decided: January 15, 2020


# COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED


Erika R. Flaschner, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware.

Von Miles, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se*


MAYER, Commissioner

1

This 15th day of January, 2020, upon consideration of Defendant's Motion for Postconviction Relief, for the reasons that follow, it is hereby recommended that the motion be DENIED:

## BACKGROUND AND PROCEDURAL HISTORY

On August 22, 2018, the driver of a Ford Expedition (the "Ford") led police officers on a high-speed chase onto 495 North into Pennsylvania. The Ford swerved several times towards the police vehicle nearly striking it. With the aid of GPS monitoring, Probation tracked Von Miles ("Defendant") traveling at 98 miles per hour on the same route as the pursuit. The next day, officers found Defendant in Wilmington, Delaware standing near a Jeep Cherokee (the "Jeep"). Defendant was arrested for violating his probation. Before conducting an administrative search[1] of the Jeep, and in response to safety concerns, law enforcement transported the Jeep to the police station. While opening the driver's side door, the Probation Officer observed materials he believed to be consistent with heroin and cocaine. A K9 Unit then searched the exterior of the vehicle and indicated the presence of drugs. Law enforcement obtained a search warrant for the Jeep and eventually located twenty (20) bags of heroin and approximately 3.9 grams of crack cocaine, as well as drug paraphernalia and cash in various denominations.

---

[1] *See* 11 Del. C. §4321(d) and Department of Corrections Bureau of Community Corrections Probation and Parole Procedure No. 7.19 (outlining search protocol).

2

On August 27, 2018, an Indictment issued charging Defendant with several offenses. Defendant's trial counsel ("Trial Counsel")[2] filed a Motion to Suppress (the "Suppression Motion") any evidence obtained from the searches. The State filed a Response to the Suppression Motion. On that same date, Defendant plead guilty. Pursuant to the Plea Agreement, Defendant agreed to plead guilty to Reckless Endangering First Degree, Criminal Contempt and Drug Dealing Heroin. In addition, the State and Defendant agreed to a recommended sentence and discharge of Defendant's pending violations of probation in four (4) separate cases. Defendant also executed the Truth-In-Sentencing Guilty Plea Form affirming that he was freely and voluntarily deciding to plead guilty, and that he understood that he was waiving his right to a trial, to challenge the State's case, and present evidence in his defense.

On March 15, 2019, Defendant was sentenced, collectively, to thirteen (13) years and six (6) months at Level V, suspended after he served one (1) year at Level V with decreasing levels of supervision thereafter. The Court also discharged his remaining Level V and probationary time in four other cases.[3]

---

[2] Defendant was initially represented by private counsel, who withdrew, and was replaced by counsel from the Office of Defense Services. Defendant's claims appear to target replacement counsel.

[3] On April 23, 2019, the Court issued a Modified Sentencing Order to exercise jurisdiction over a pending violation of probation in the Court of Common Pleas. The Court discharged the probation in that matter as well.

3

On June 7, 2019, Defendant filed a Motion for Postconviction Relief whereby he claims Trial Counsel was ineffective by:

> (1) neglecting to advise defendant that the State did not have an Administrative Warrant, Search Warrant or probable cause before they entered the vehicle;
>
> (2) failing to investigate the facts of the case fully & discuss it with the defendant to prepare an adequate defense or prepare for suppression;[4]
>
> (3) failing to file a motion to have a *Flowers*[5] hearing so the State can disclose the informant identity-reliability and what information the informant has that can damage the case; and
>
> (4) leaving defendant without a meaningful choice other than to plead guilty.

Trial Counsel submitted an Affidavit[6] responding to the allegations and the State filed a Response in opposition. Defendant filed several replies in support of his motion and the matter is now ripe for decision.

## LEGAL ANALYSIS OF CLAIMS

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Motion.[7] This is Defendant's first

---

[4] Here, Defendant argues that his cousin was actually driving the Ford and Trial Counsel should have presented him as a witness.

[5] Defendant appears to be referring to *State v. Flowers*, 316 A.2d 564, 568 (Del. Super. 1973) (addressing the disclosure of information relating to an informant).

[6] D.I. # 63.

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

4

motion for post-conviction relief and it was timely filed.[8] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[9] Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[10]

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[11] To prevail in the context of a case involving a guilty plea, Defendant must show that but for counsel's errors, there is a reasonable probability

---

[8] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when conviction becomes final); Super. Ct. Crim. R. 61(m)(1) (If the defendant does not file a direct appeal, the judgment of conviction becomes final 30 days after the Superior Court imposes sentence).

[9] *See also* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii) (setting forth exceptions to the procedural bars).

[10] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[11] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

that he would not have pleaded guilty and instead would have insisted on going to trial.[12] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[13] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[14] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[15]

Trial Counsel attests that he investigated the case,[16] provided Defendant with copies of discovery (including the search warrant), and that the evidence against Defendant was "extremely strong and the potential jail term based solely on the violations of probation were longer than the sentence he received in this case."

During his plea colloquy with the Court, Defendant acknowledged he was waiving the right to compel the State to prove the charges, as well as his right to

---

[12] *Albury v. State,* 551 A.2d 53, 59 (Del.1988) (quoting *Strickland,* 466 U.S. at 694).

[13] *State v. Wright,* 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[14] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990).

[15] *State v. Miller,* 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[16] Where the alleged error of counsel is a failure to investigate, a defendant must demonstrate that the additional effort by counsel would have led to a change in counsel's recommendation to accept the plea. *Albury v. State,* 551 A.2d 53 (Del. 1988). Defendant would have been fully aware of his cousin's potential testimony and despite that, waived the right to contest the State's evidentiary case. Other than the suppression issue addressed herein, Defendant has not sufficiently identified any other issues that could have changed the course of the case.

question witnesses and present evidence in his defense.[17] Defendant also affirmed that he had a full opportunity to discuss the evidence with Trial Counsel, as well as any defenses, and he was satisfied with his counsel's representation.[18] Defendant's statements to the Court are presumed truthful and form a "formidable barrier" to subsequent attacks.[19] Further, "[a]bsent clear and convincing evidence to the contrary, [Defendant] is bound by the representations he made at the time the plea was entered."[20] Trial Counsel and the State also confirmed that there was no informant, and therefore, there was no need for a *Flowers* hearing. In light of the affirmations of Trial Counsel, the full record of the case, and Defendant's plea colloquy, Defendant has not established that Trial Counsel failed to investigate or that he should have demanded a *Flowers* hearing.

With respect to his final claim, during his colloquy with the Court, Defendant affirmatively relinquished his right to proceed with the Suppression Motion, and waived any alleged errors or defects preceding entry of the plea, even those of

---

[17] Plea Trans. at 5-6.

[18] Plea Trans. at 12.

[19] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) (internal citations omitted).

[20] *Miller v. State*, 840 A.2d 1229 (Del. 2003), citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

constitutional dimensions,[21] including the right to challenge the search warrant or the search.[22] The Court asked Defendant about the Suppression Motion and confirmed Defendant understood that by pleading guilty he was waiving the arguments presented by that motion.[23] Defendant informed the Court that he was not being compelled to enter a plea and he was satisfied with Trial Counsel's representation. In sum, there is nothing in the record to suggest that Defendant would have decided not to plead guilty if Trial Counsel had said or done something differently.

Finally, Defendant has not established actual prejudice. In exchange for his guilty plea, the State agreed to recommend, and the Court approved, a discharge of the four (4) pending violations of probation, which relieved him of potentially serving an additional five (5) years at Level V. To establish a violation of probation, the State would have only been required to present "some competent evidence" that "the conduct of the probationer has not been as good as required by the conditions of probation."[24] Defendant's GPS tracker showed him traveling at a high rate of

---

[21] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003), citing *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988); *Mack v. State*, 2019 WL 7342514, at *2 (Del. Dec. 30, 2019) citing *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015).

[22] *Mack v. State*, at *2, citing *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015).

[23] Plea Trans. at 6.

[24] *Hartmann v. State*, 2019 WL 6813986, at *2 (Del. Dec. 12, 2019), quoting *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006); *Collins v. State*, 897 A.2d 159, 160 (Del. 2006).

speed, evading police, swerving into other vehicles, out past curfew and crossing state lines without permission.[25] The weight of the evidence was more than sufficient to find Defendant had violated his probation. Defendant's plea avoided a hearing on the merits of the violations and the alleged error by counsel had no impact on the State's ability to prevail on the violations of probation. Moreover, Defendant has not demonstrated that he likely would have received a lesser sentence if he had proceeded to trial along with the violations of probation.[26]

After considering the totality of the circumstances, Defendant has not established error by Trial Counsel or actual prejudice as a result.

For all of the foregoing reasons, Defendant's Motion for Postconviction relief should be DENIED.

**IT IS SO RECOMMENDED**.

Commissioner Katharine L. Mayer

cc: Prothonotary
Erika Flaschner, Deputy Attorney General
Michael C. Heyden, Esquire
Von Miles

---

[25] Defendant was arrested while in the City of Wilmington. Defendant's sentence in Case #s 1808016234 & 1808016273 prohibited him from entering the City of Wilmington.

[26] *See e.g. Miller v. State*, 840 A.2d 1229 (Del. 2003) (finding Defendant failed to establish prejudice as a result of his plea).

9