IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       :       ID No. 2002017105
                         :       In and for Kent County
        v.               :
                         :
DARNELL FULLMAN,       :
                         :
    Defendant.         :
                         :

## ORDER

Submitted: September 23, 2020
Decided: October 1, 2020

On this 1ˢᵗ day of October, 2020, having considered Defendant Darnell Fullman's motion to compel disclosure of the identity of a confidential informant, and the State's opposition, it appears that:

1. Pursuant to Rule 509(a) of the Delaware Rules of Evidence, the State has a privilege to refuse to disclose an informer's identity. This privilege is not absolute.[1] To overcome it, the defense must show, beyond mere speculation, "that the informer may be able to give testimony [that] would materially aid the defense."[2]

2. There are four scenarios where disclosure of a confidential informer's identity arise:

(1) [t]he informer is used merely to establish probable cause for a search[;]
(2) [t]he informer witnesses the criminal act[;] (3) [t]he informer participates but is not a party to the illegal transaction[; or] (4) [t]he informer is an actual party to the illegal transaction.[3]

---

[1] D.R.E. 509(c).
[2] *Cooper v. State*, 32 A.3d 988, 2011 WL 6039613, at *9 (Del. Dec. 5, 2011) (Table).
[3] *State v. Flowers*, 316 A.2d 564, 567 (Del. Super. Ct. 1973).

Delaware courts consistently find that "the privilege afforded under Rule 509 is protected in the first *Flowers* scenario but not in the fourth. In the second and third scenarios, disclosure of the informer's identity is required only if . . . the informer's testimony is material to the defense."[4]

3. If the movant makes an adequate *prima facie* showing that disclosure could be appropriate, the Court will hold a *Flowers* hearing to determine whether the privilege applies. Such hearings are *in camera.*[5] The Court need not hold such a hearing, however, unless the defense shows "beyond mere speculation, that the confidential informant may be able to give testimony that would materially aid the defense."[6] To justify a hearing, the defendant must articulate how he or she meets that burden.[7]

4. Here, the State charges Mr. Fullman with various drug and weapon offenses. In turn, Mr. Fullman seeks the identity of a confidential informer that had contact with him before his arrest. He alleges that disclosure is appropriate because "the confidential informant was an actual party to the illegal transaction."[8] This, he asserts, makes disclosure mandatory. In his written motion, he alleges no other reason or basis for arguing that the disclosure will materially aid his defense.

5. The State counters that the relevant charges arise entirely from contraband that the police seized when they executed a search warrant. The State argues that the confidential informer's participation preceded the search and merely provided the probable cause necessary to justify the search. Accordingly, the State contends that this matter fits squarely within the first scenario.

---

[4] *Butcher v. State*, 906 A.2d 798, 802–03 (Del. 2006).
[5] D.R.E. 509 (c)(2).
[6] *Cooper*, 2011 WL 6039613, at *9.
[7] *Miller v. State*, 154 A.3d 1124, 2017 WL 444843, at *4 (Del. Jan. 3, 2017), *as revised* (Jan. 31, 2017) (Table).
[8] Def. Mot. at ¶5.

2

6. The search warrant's affidavit, the indictment, and the arrest warrant's affidavit demonstrate that this case falls within the first *Flowers* scenario. Namely, the search warrant's affidavit recites that the informer told the police that Mr. Fullman sold drugs from his residence. It also describes his or her two earlier drug purchases from Mr. Fullman at that residence. On the other hand, the indictment alleges crimes based only upon evidence that the police seized in a subsequent search of the residence. The arrest warrant's affidavit demonstrates the same. Moreover, the State represents that it will not seek to present evidence at trial regarding the prior sales. Although Mr. Fullman alleges that the informer was a party to *an* illegal transaction, the record demonstrates that he or she was not a party to *the* criminal conduct at issue. Namely, the informer was not present at the time of the search and seizure; nor did he or she participate in the charged conduct. Rather, the informer's involvement merely supported the probable cause necessary to justify the search.

7. With regard to the need to conduct an *in camera* hearing, there are instances where the Court should often hold such a hearing to explore the facts. Such hearings help identify which one of the four scenarios applies. A hearing is unnecessary here, however, because (1) the matter unquestionably fits within the first *Flowers* scenario, and (2) Mr. Fullman makes only conclusory allegations that the information would somehow aid his defense.[9]

8. Finally, Mr. Fullman requests discovery from the State regarding the confidential informer's activities. When doing so, he cites no authority to support his request. In any event, the Court denies it for two reasons. First, it is now moot because D.R.E. 509(a)'s privilege also shields such information. Because the State

---

[9] *See Cooper*, 2011 WL 6039613, at \*10 (finding that it was unnecessary for the Superior Court to hold a *Flowers* hearing to determine that the confidential informant's identity was privileged when the confidential informant merely provided probable cause for an arrest).

3

need not disclose the informer's identity, discovery regarding that informer's actions is similarly unavailable. Second, the State represents that it will not offer evidence about this confidential informer's activities at trial.

**WHEREFORE**, Mr. Fullman's motion to compel disclosure of the confidential informer's identity is **DENIED** without the need for an *in camera Flowers* hearing. Likewise, his request for discovery related to the informer's identity and activities is also **DENIED.**

**IT IS SO ORDERED.**

<u>/s/Jeffrey J Clark</u>
Judge

4