**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      :
                               :

       v.                   :        I.D. No.: 1709014557

                               :

TARRON ADAMS          :

                               :

       Defendant.       :

**ORDER**

Submitted: June 14, 2023
Decided: October 9, 2023

On this 9th day of October, 2023, after considering Defendant Tarron Adams's Motion for Postconviction Relief, Mr. Adams's former appointed counsel's Memorandum of Law, the State's opposition, the Commissioner's Report and Recommendation, Mr. Adams's Motion for Reconsideration of the Commissioner's Report and Recommendation, and the record in this case, **IT APPEARS THAT:**

1.      On September 5, 2018,[1] a jury found Mr. Adams guilty of the following: one count of Possession of Cocaine, 16 <u>Del</u>. <u>C</u>. § 4763(a), as a lesser-included offense of Drug Dealing (cocaine); one count of Possession of Alprazolam, 16 <u>Del</u>. <u>C</u>. § 4763(a), as a lesser-included offense of Drug Dealing (Alprazolam); one count of Possession of a Firearm by a Person Prohibited, 11 <u>Del</u>. <u>C</u>. § 1448; one

---

[1] Mr. Adams originally went to trial on July 16, 2018, but the Court granted his request for a mistrial after it was discovered that several jurors failed to follow the Court's instructions during deliberations.

count of Receiving a Stolen Firearm, 11 Del. C. § 1450; and one count of Possession of Drug Paraphernalia, 16 Del. C. § 4771(a). The jury found Mr. Adams not guilty of Possession of a Firearm During the Commission of a Felony. Prior to trial, the State entered a *nolle prosequi* on one count of Conspiracy Second Degree and one count of Possession of a Firearm by a Person Prohibited.

2. On January 16, 2019, after a presentence investigation, the Court sentenced Mr. Adams to ten years of incarceration at Level V for the Possession of a Firearm by a Person Prohibited, which was a minimum mandatory period of incarceration. The Court sentenced to various levels of probation or imposed fines for the remaining offenses. Mr. Adams then filed a direct appeal. On September 13, 2019, the Delaware Supreme Court affirmed his convictions.[2]

3. While his direct appeal was pending before the Delaware Supreme Court, Mr. Adams filed a *pro se* Motion for Modification or Reduction of Sentence ("Motion for Modification") on February 25, 2019. After Mr. Adams's convictions were affirmed by the Delaware Supreme Court on direct appeal, the Court denied Mr. Adams's Motion for Modification on November 13, 2019.[3] Mr. Adams filed an appeal of this denial on January 2, 2020.

---

[2] Adams v. State, 219 A.3d 521 (Del. 2019) (TABLE).

[3] The Court deferred decision on Mr. Adams's Motion for Modification until his direct appeal had been decided by the Supreme Court of Delaware.

4. Mr. Adams filed a *pro se* Motion for Postconviction Relief on February 13, 2020. On February 18, 2020, the Court stayed Mr. Adams's postconviction proceedings, noting that it would consider his Motion for Postconviction Relief and Motion for Appointment of Counsel[4] following the disposition of his appeal of the sentence modification denial to the Delaware Supreme Court.

5. On April 2, 2020, the Delaware Supreme Court affirmed the Superior Court's denial of Mr. Adams's Motion for Modification.[5] Following this affirmance, this Court granted Mr. Adams's Motion for Appointment of Counsel on September 17, 2020 and referred the matter to the Office of Conflicts Counsel.

6. Christopher Koyste, Esquire was appointed to represent Mr. Adams for his postconviction proceedings on May 19, 2021. After a thorough and conscientious review of the facts, the record, and the law in Mr. Adams's case, Mr. Koyste filed a Motion to Withdraw as Counsel on February 3, 2022. Mr. Koyste concluded that Mr. Adams's Motion for Postconviction Relief was wholly without merit and no meritorious grounds for relief existed. Mr. Adams filed a response to

---

[4] On November 22, 2019, Mr. Adams prematurely filed a *pro se* Motion for Appointment of Counsel for his postconviction proceedings. The Court initially ordered the appointment of counsel, but, on January 23, 2020, vacated the Order, advising Mr. Adams that a Motion for Postconviction Relief must be filed prior to or simultaneous with his request for appointment of counsel.

[5] Adams v. State, 227 A.3d 556 (Del. 2020) (TABLE).

the Motion on February 15, 2022. Mr. Koyste's Motion to Withdraw as Counsel was granted by the Court on March 3, 2022.

7. On June 1, 2022, after Mr. Koyste's withdrawal from the case, Mr. Adams notified the Court that he intended to proceed *pro se* with his original Motion for Postconviction Relief without amendment. Mr. Adams's original motion alleged ineffective assistance of trial counsel because trial counsel: (1) elected not to call Mr. Adams's co-defendant as a defense witness; (2) failed to cross-examine state witnesses; (3) failed to raise exculpatory factors; and (4) failed to file a motion for dismissal post-mistrial. Mr. Adams's motion also alleges that he was denied his constitutional right to confront his accuser – a confidential informant.

8. A Commissioner of this Court issued her Report and Recommendation on May 17, 2023 (the "Report").[6] First, the Report set forth the facts and applicable standard for this postconviction motion which the Court adopts without repeating.[7] Second, in her Report, the Commissioner recommended that the Court find Mr. Adams's motion to be procedurally barred pursuant to Superior Court Criminal Rule 61(i)(3).[8] Third, the Commissioner recommended that the Court find that (1) trial

---

[6] State v. Adams, Del. Super., ID No. 1907014557, Freud, A (May 17, 2023) (REPORT).

[7] Id. at 3-4, 8-9.

[8] Id. at 3-5. See Super. Ct. Crim. R. 61(1)(3).

counsel competently represented Mr. Adams, and (2) trial counsel's strategic decisions at trial caused Mr. Adams no prejudice.[9]

9.      Mr. Adams now appeals the Commissioner's Report.  In reviewing his appeal, the Court conducts a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which an objection is made."[10] Pursuant to that review, the Court may accept, reject, or modify the report in whole or in part.[11]  In his appeal, Mr. Adams argues that the procedural bar of Rule 61(i)(3) is inapplicable to his claims of ineffective assistance of counsel, as those claims could not be raised on direct appeal.  He further asserts that, had trial counsel called Mr. Adams's co-defendant as a witness, the resulting verdict would have been different.  Lastly, Mr. Adams contends that, any time a defendant's right to a fair trial is violated, that violation is conclusive evidence of ineffective assistance of counsel.

10.      At the outset, Mr. Adams correctly recognizes that Rule 61(i)(3) does not procedurally bar his claim.  Namely, Rule 61(i)(3) applies to "any ground for relief that was not asserted in the proceedings leading to the judgment of

---

[9] Id. at 10.

[10] Super. Ct. Crim. R. 62(a)(5)(iv).

[11] Id.

conviction."[12]   The Delaware Supreme Court has clarified that Rule 61(i)(3)'s procedural bar does not apply when a defendant could not have raised his ineffective assistance of counsel claim during his trial or direct appeal.[13]  Mr. Adams could not have raised his ineffective assistance of counsel claim before his postconviction proceedings; as such, the procedural bar does not apply to Mr. Adams.

11.    Nevertheless, Mr. Adams's motion must be denied on substantive grounds for many of the reasons recognized by the Commissioner.  Namely, when the Court applies the controlling standard, as set forth in Strickland v. Washington,[14] postconviction relief is unavailable.  In her Report, the Commissioner examined trial counsel's actions and found counsel's decisions at trial to be objectively reasonable.[15]  The Commissioner also examined whether trial counsel's decisions caused Mr. Adams prejudice.  She recommended that the Court find no prejudice.[16]

---

[12] Super. Ct. Crim. R. 61(i)(3).

[13] See Green v. State, 238 A.3d 160, 175 (Del. 2020) (recognizing that "the failure to assert an [ineffective assistance of counsel] claim in the proceedings leading to the judgment of conviction is not a procedural default"); but see (Vaughn, J., concurring) (opining, in part, that Rule 61(i)(3) may still procedurally bar ineffective assistance of counsel claims "that could have been but were not raised at trial.").

[14] 466 U.S. 668 (1984).

[15] State v. Adams, Del. Super., ID No. 1907014557 at *10, Freud, A (May 17, 2023) (REPORT).

[16] Id.

12. In Mr. Adams's application for postconviction relief, he focuses on trial counsel's decision not to call Mr. Adams's co-defendant as a defense witness. He first argues that counsel's failure to call this witness violated his Sixth Amendment right to call witnesses in his favor.[17] Mr. Adams also contends that this witness was present and prepared to testify on his behalf. Mr. Adams argues that his co-defendant's testimony would have alerted the jury to the fact that the gun belonged to the co-defendant and was never in Mr. Adams's possession. With this information, Mr. Adams believes it is clear that the verdict would have been different. Mr. Adams's appeal of the Commissioner's Report does not address the Commissioner's findings regarding his other claims, other than to assert he does not believe his claims are procedurally barred.

13. The State highlights trial counsel's affidavit, outlining that trial counsel's decision not to call Mr. Adams's co-defendant was strategic and justified. Specifically, the State emphasizes that both the co-defendant and her counsel represented to trial counsel that she would not testify on Mr. Adams's behalf. Instead, she intended to invoke her right against self-incrimination and not say anything. While the State does not dispute that the co-defendant's potential testimony may have benefited Mr. Adams, the State emphasizes that calling her as

---

[17] See generally U.S. CONST. amend. VI.

a witness was futile because she had already indicated to trial counsel she would refuse to testify.

14. As to Mr. Adams's claims that trial counsel failed to cross-examine the State's witnesses and failed to raise exculpatory evidence, the State responds by alleging that Mr. Adams has presented no factual basis for these claims. The State also refutes Mr. Adams's claim regarding the confrontation of the State's confidential informant by arguing that Mr. Adams had no right to confront the confidential informant.

15. Trial counsel's decision not to call Mr. Adams's co-defendant as a witness does not fall below the objective reasonableness standard required by Strickland. Trial counsel spoke both with the co-defendant and her counsel, and both represented to trial counsel that she would not testify because doing so would incriminate her. The decision not to call a witness who will refuse to testify by invoking her constitutional protection against self-incrimination falls well within the range of acceptable representation.

16. As to Mr. Adams's other claims, the Court finds no factual basis to support them. Mr. Adams does not have the right to confront a confidential informant.[18] As such, trial counsel's decision not to call the confidential informant

---

[18] State v. Flowers, 316 A.2d 564, 567 (Del. Super. 1973). See also Mumford v. State, 2023 WL 4145013 at *3-4 (Del. June 22, 2023).

as a witness does not constitute ineffective assistance of counsel. Additionally, Mr. Adams presents no factual evidence that trial counsel failed to cross-examine any witnesses or present any available exculpatory evidence. The Court finds that these claims, too, are without merit.

**NOW, THEREFORE**, after a *de novo* review of the record in this action, and consideration of the parties' arguments and the Commissioner's Report and Recommendation dated May 17, 2023;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation is adopted in part by the Court. The Court declines to accept the Commissioner's recommendation that Mr. Adams's claims are procedurally barred, but accepts her recommendation that Mr. Adams's claims are substantively barred for the reasons she provided discussed in this Order. As a result, Mr. Adams's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 must be **DENIED.**

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

RLG/ds
oc: Prothonotary
cc: The Honorable Andrea M. Freud
     Trial Counsel
     Mr. Tarron Adams