John M. RILEY, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Jan. 10, 1969.

Sidney Balick and Bernard Balick, of Aerenson & Balick, Wilmington, for defendant below, appellant.

John P. Daley, Deputy Atty. Gen., for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The appellant, John M. Riley, was convicted, after a non-jury trial, of violating Title 11, § 669(a) Del.C.1953, which prohibits keeping or using paraphernalia for non-licensed betting operations. He charges error in three rulings made by the trial Judge in Superior Court: (1) denial of appellant's motion to exclude testimony concerning certain telephone calls received while the police were in the apartment and heard by one of the officers; (2) denial of appellant's motion to compel the State to reveal the identity of an informer whose information constituted part of the basis for the issuance of a search warrant; (3) denial of appellant's motion to suppress all evidence obtained through a search of the apartment after an allegedly illegal entry.

The police obtained a search warrant from a Judge of the Municipal Court on the basis of an affidavit executed by two officers. The warrant was for the search of a second-floor apartment which, according to the record, was leased to someone other than the defendant. Upon their arrival at the premises, the officers found the front door of the building closed but unlocked. They entered through that door and went up to the apartment described in the search warrant. According to their testimony, which was accepted by the trial Judge, they knocked and announced their identity. After waiting about twenty seconds without receiving an answer, they entered the apartment and found the defendant therein. They then searched the apartment and discovered various paraphernalia commonly used in receiving bets on horse races. While they were in the apartment, the telephone rang several times and was answered by an officer. Two of the callers placed bets on various horses at several tracks. Two or three of the other callers asked for the results of particular races which had been run that day. Other callers hung up when told that defendant was not available.

I.

Appellant's first motion alleges that the telephone messages were "intercepted" illegally in violation of the Delaware statute, 11 Del.C. § 757, as well as the Federal Communications Act, 47 U.S.C.A. § 605, and were therefore inadmissible at the trial under the Fourth Amendment to the Federal Constitution. See Lee v. Florida, 392 U.S. 378, 88 S.Ct. 2096, 20 L.Ed.2d 1166.

The Delaware statute (11 Del.C. § 757) reads as follows:

"Whoever taps or makes connection with any telegraph or telephone line, wire, cable or instrument belonging to a telegraph or telephone company; or

"Whoever reads, takes copy, makes use of, discloses, publishes or testifies concerning, any dispatch or message, communication or report intended for another passing over such telegraph or telephone line, wire, or cable, in this State—

"Shall, for each such offense, be fined not less than $500 or imprisoned not more than 1 year, or both."

In Tollin v. State, 7 Terry 120, 78 A.2d 810, it was held that the forerunner of this statute barred testimony of telephone calls heard by listening on the defendant's receiver. That decision was made prior to the present 1953 Delaware Code. The statutory provision involved in *Tollin* (§ 5232 of the Code of 1935) contained language which was omitted from § 757 as included in the 1953 Code, and which may or may not have justified the holding in *Tollin*. We need not, therefore, determine whether the *Tollin* case was or was not correctly decided. The language of the

present Code section is now the law of the State, Monacelli v. Grimes, 9 Terry 122, 99 A.2d 255, and we look only to it for guidance.

■ The second quoted paragraph of § 757 prohibits disclosure of any message intended for another "passing over *such* telegraph or telephone line, wire, or cable * * *." The word "such" can only refer back to those lines or wires described in the first paragraph which speaks only of lines which someone has tapped or made connection with. Obviously, that is not the situation in this case; the officer merely answered the phone when it rang and heard what the callers said; he made no positive misrepresentations of his identity and, when any callers asked for the defendant, he stated that the defendant was not available. We agree with the ruling by the trial Judge that nothing in this statute forbids admission of the testimony concerning these conversations. This conclusion finds support in State v. Carbone, 38 N.J. 19, 183 A.2d 1. Assuming, *arguendo*, that the Tollin case, supra, was correctly decided, it is no longer the law of this State.

■ Appellant next claims that the officer's testimony concerning the telephone conversations violated the Federal Communications Act. If this be true, the evidence would, of course, be inadmissible in a State Court under the recent holding in Lee v. Florida, supra. As we understand the Federal Act, it prohibits unauthorized interception and disclosure of intercepted communications. "Interception," as used in this statute, has been interpreted to mean the introduction of an independent receiving device between the sender and the receiver. United States v. Lewis, D. C., 87 F.Supp. 970; United States v. Pasha, 7 Cir., 332 F.2d 193; Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394. This definition was extended in Lee v. Florida, supra, to cover the situation where the police deliberately obtained a party-line telephone on the same line as the defendant's and used certain devices to

overhear conversations on that party line without defendant's knowledge. In the present case, however, there was no such interception and the evidence was properly admitted since it is not affected by the Federal statute.

■ Appellant's final contention concerning these telephone conversations is that the act of the police officer was an unreasonable search and seizure. He relies upon Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040. That case dealt with a New York statute which permitted eavesdropping by wire taps. It was held to be unconstitutional under the Fourth Amendment. The facts of that case differ so greatly from the present one that it furnishes no useful precedent here. As we have said, this is not a "wire tapping" case and is not made illegal by any Delaware or Federal statute.

In our opinion, there was no error in admitting this evidence.

## II.

■■ Appellant's second motion sought to compel the State to reveal the identity of the informer whose information furnished part of the basis for the search warrant. The record contains a complete copy of the supporting affidavit filed with the Municipal Court Judge. That affidavit clearly shows that the police had sufficient personal knowledge, apart from that supplied by the informer, to justify the issuance of the warrant. The informer's information was therefore not essential to establish probable cause.

During the *voir dire* conducted at the trial to determine the validity of the search warrant, the officers who signed the affidavit testified to those matters which they had personally seen and heard. The appellant and a witness denied the truth of what the officers had said. The Judge found in fact that the officers were telling the truth and therefore refused to hold the warrant invalid. Appellant's present argument appears to be that he is entitled to know the

identity of the informer because he and his witness had challenged the accuracy of the officers' testimony. We are unable to accept this contention. Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151. Public policy requires that an informer's identity be protected unless the defendant shows that its disclosure would materially aid his defense. There has been no such showing here. The rule of protection should not be eroded simply because a defendant contradicts the testimony of the officers who swore out the warrant on the basis of their own observations.

In our opinion, the trial Judge was justified in refusing to compel identification of the informer.

### III

■ Appellant's third motion was to exclude the evidence obtained at the apartment because of an alleged failure of the police to knock and announce their identity before entering the apartment building; it cannot be predicated upon a failure to "knock and announce" at the door of the apartment itself because at that point the officers complied with that requirement. We think the basic question here should be whether the actions of the officers were reasonable under the circumstances. Patrick v. State, Del., 227 A.2d 486. They found the outside door closed but unlocked so that there was no necessity to ring the buzzer to gain admission. The reasons for the existence of the knock and announce rule were amply served by the knocking and announcement at the apartment door itself. Cf. Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828. Furthermore, having in mind the nature of appellant's activities in the apartment, the police, by announcing themselves to him over this device and waiting for him to admit them, would have thereby provided him with time to render their search valueless by disposing of much of the evidence ultimately seized. We see nothing unreasonable in the conduct of the officers in this case. We accordingly agree that the trial Judge rightfully permitted the introduction of the evidence.

For the foregoing reasons, the judgment below will be affirmed.