IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TARRON ADAMS, | § | |
| | § | |
| Defendant Below– | § | No. 67, 2019 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1709014557 (K) |
| Plaintiff Below– | § | |
| Appellee. | § | |
| | § | |

Submitted: July 3, 2019
Decided: September 13, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

Upon consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Tarron Adams, was indicted for possession of a firearm during the commission of a felony ("PFDCF"), drug dealing (cocaine), drug dealing (Alprazolam), two counts of possession of a firearm by a person prohibited ("PFBPP"), receiving a stolen firearm, second degree conspiracy, and possession of drug paraphernalia.  Prior to trial, the State *nolle prosequied* one count of PFBPP and the one count of second degree

conspiracy. The parties stipulated to the fact that Adams was a person prohibited from possessing a firearm at the time of his arrest. Following a three-day jury trial, the Superior Court declared a mistrial at the defense's request after the court learned several jurors had failed to follow the court's instructions during jury deliberations.

(2) On September 5, 2018, a different jury found Adams guilty of PFBPP, two lesser-included offenses of possession of a controlled substance, receiving a stolen firearm, and possession of drug paraphernalia. The jury found Adams not guilty of PFDCF. The Superior Court sentenced Adams to ten years of Level V incarceration followed by decreasing levels of supervision. This is Adams' direct appeal.

(3) On September 20, 2017, the State applied for a search warrant of Adams' home. The affidavit of probable cause the State submitted in support of the application alleged that a confidential informant had made two controlled buys of crack cocaine from Adams at his residence. The State executed the warrant on September 22, 2017. The evidence presented at trial fairly reflects that the search led to the discovery of 1.4 grams of crack cocaine, 14 Alprazolam pills, digital scales, approximately four hundred dollars in cash, and a handgun in the master bedroom of Adams' residence.

(4)     Detective Talansky Jean testified he took possession of the drugs, scales, and cash that were located on the top of the dresser in the master bedroom and packaged the drugs for further chemical testing. That testing revealed the drugs consisted of approximately 1.4 grams of cocaine and 14 Alprazolam pills. The cocaine and Alprazolam pills were found in separate plastic bags. Neither drug was individually packaged for sale. Detective Jean admitted the State did not process the two plastic bags for fingerprints.

(5)     Detective Brock Dean testified he and another officer located a handgun and a magazine in a shoebox in the closet of the master bedroom. Detective Dean also testified the officers found another magazine in a laundry basket in the master bedroom. Although the handgun and the magazines were processed for fingerprints and DNA, Detective Dean could not recall whether the results implicated Adams.

(6)     Detective Jordan Rollins testified he interviewed Adams after Adams waived his *Miranda* rights and a video recording of the interview was published to the jury. In his statement to Detective Rollins, Adams admitted to selling beer and cigarettes for extra money. He also admitted the cocaine found in the master bedroom was his and that he had been using cocaine recreationally since 1993. After initially claiming his wife had acquired the handgun, Adams confessed he had received the handgun from a man named

3

Tommy Lightfoot who lived in Richmond, Virginia. Detective Rollins testified that he had been able to confirm the handgun had been reported stolen.

(7) The defense argued that while Adams may have possessed the drugs located at his residence, he was not a drug dealer. Further, trial counsel argued Adams never possessed the handgun that was found in the bedroom he shared with his wife. The defense asserted there was little, if any, evidence to suggest Adams was dealing drugs or possessed the handgun while dealing drugs. The defense pointed to the lack of physical evidence tying Adams to the drugs and handgun and argued that Adams' mere proximity to the handgun was not enough to convict him of the charges related to the handgun. The defense also argued that Adams claimed responsibility for acquiring the handgun in an effort to protect his wife from prosecution.

(8) On appeal, Adams' counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Adams' counsel asserts that, based upon a conscientious review of the record, there are no arguably appealable issues. Counsel informed Adams of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Adams of his right to supplement counsel's presentation. Adams responded with points for the Court's

4

consideration, which counsel included with the Rule 26(c) brief. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(9) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(10) Adams argues on appeal: (i) trial counsel should have challenged the validity of the search warrant; (ii) Adams was denied his right to confrontation by the State's failure to produce its confidential informant at Adams' trial; (iii) trial counsel should have called Adams' co-defendant as a witness because she would have testified that the handgun belonged to her; (iv) the State had failed to establish the chain of custody for the handgun; and (v) Adams' retrial violated the Double Jeopardy clauses of the United States and Delaware constitutions.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] *Penson*, 488 U.S. at 82.

(11) Several of Adams' arguments raise claims of ineffective assistance of counsel. In general, the Court does not consider claims of ineffective assistance of counsel on direct appeal and it will not do so here.[3] Because Adams did not raise his other claims at trial, we review only for plain error. A finding of plain error demands that "the error complained of must be so clearly prejudicial to substantial rights to jeopardize the fairness and integrity of the trial process."[4] "[T]he doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[5] For the reasons discussed below, we conclude that Adams' claims are without merit. We therefore affirm the Superior Court's judgment.

(12) Adams argues that his Sixth Amendment right to confront his accusers was violated when the State failed to produce at trial the confidential informant who allegedly purchased cocaine from Adams. But the search warrant and the allegations contained in the supporting affidavit of probable

---

[3] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994). *See also Woods v. State*, 2019 WL 643862, at *3 (Del. Feb. 14, 2019) ("Typically an ineffective counsel claim is pursued through a motion for postconviction relief under Superior Court Criminal Rule 61 and is adjudicated on the basis of the record developed during the postconviction proceeding.").

[4] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[5] *Id.*

cause were not at issue at trial. In any event, Adams was not entitled to know the identity of the confidential informant, much less compel his presence, unless he could show the informant could have been able to provide testimony that would materially aid his defense.[6] Adams does not, and cannot, show that the disclosure of the confidential informant's identity would have aided in his defense when that confidential informant's testimony would have, instead, bolstered the State's case on Adams' drug dealing charges. The Superior Court did not commit plain error by failing to require the State to produce the confidential informant at trial.

(13) Adams also argues the handgun should not have been admitted into evidence because the State failed to establish a continuing chain of custody. Delaware Rule of Evidence 901(a) states that, "The requirement of authentication or identification is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."[7] The State may authenticate evidence either by having a witness identify the item as that

---

[6] D.R.E. 509(c)(2); *Riley v. State*, 249 A.2d 863, 866 (Del. 1969) ("Public policy requires that an informer's identity be protected unless the defendant shows that its disclosure would materially aid his defense.").

[7] D.R.E. 901(a).

which was actually involved in the crime or by establishing a chain of custody for the item to ensure the identity and integrity of the evidence.[8]

(14) Here, Detective Dean testified he was present in the room when another officer found the handgun in a shoebox located in the closet. Detective Dean testified he personally saw the handgun and two magazines—one found in the handgun and one located in a nearby laundry basket—at the scene. At trial, Detective Dean positively identified the shoebox, the handgun and the magazines as the ones that had been recovered from the scene. Under these circumstances, we find no plain error in the Superior Court's admission of the gun into evidence at trial.

(15) Finally, Adams argues the Superior Court should have dismissed his indictment based on violations of the Double Jeopardy clauses of the Delaware and United States Constitutions. We disagree. Generally, where a trial is not completed and a mistrial has been declared, the Double Jeopardy clause precludes a retrial of the defendant, unless the defendant consented to the mistrial or the mistrial was compelled by manifest necessity.[9] Here, the defense moved for a mistrial after learning that certain jurors were overheard discussing the case in public, in breach of the court's admonitions to the jury.

---

[8] *Guinn v. State*, 841 A.2d 1239, 1241 (Del. 2004).

[9] *Sullins v. State*, 930 A.2d 911, 915-16 (Del. 2007).

8

In light of these facts, the Superior Court did not commit plain error in failing to dismiss Adams' indictment.

(16) This Court has reviewed the record carefully and has concluded that Adams' appeal is wholly without merit and devoid of any arguably appealable issue. We are also satisfied that Adams' counsel has made a conscientious effort to examine the record and the law and has properly determined that Adams could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

9