# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                                    )
                                    )
                                    )
          v.                      )        I.D. No. 1810015149A
                                    )
MURAD DIGGS,              )
                                    )
      Defendant.         )

Submitted:  December 4, 2021
Decided: March 15, 2022

## ORDER DENYING DEFENDANT'S MOTION
## FOR POST-CONVICTION RELIEF

Defendant Murad Diggs was convicted on felony weapons charges and then sentenced to 10 years at Level V.  He now moves under Criminal Rule 61 for post-conviction relief.  This is the Court's decision denying the motion.

## BACKGROUND

### A.  The Direct Proceedings

An unidentified informant told police that Defendant had a loaded handgun in his waistband.  Acting on the tip, officers attempted to question Defendant inside a Wilmington corner store.  Defendant responded aggressively.  He gestured like an armed assailant.  He shoved the officers aside.  And then he tried to flee the scene. In due course, the officers detained him and *Terry* frisked his waistband, where they uncovered the handgun that the informant described.

Following his arrest, Defendant was indicted on four charges: Possession of a Firearm by a Person Prohibited ("PFBPP"); Possession of Ammunition by a Person Prohibited ("PABPP"); Carrying a Concealed Deadly Weapon; and Resisting Arrest. The PFBPP and PABPP were severed from the others and the State proceeded with them first.

Defendant's possession of the gun was not seriously disputed. Nor was his exposure to a 10-year mandatory sentence for possessing the gun.[1] Given the importance of the gun, Defendant moved to suppress it on the ground that it derived from an illegal seizure. After a suppression hearing, the motion was denied.[2] After trial, Defendant was convicted of PFBPP and PABPP and then sentenced to 18 years at Level V, suspended after 10 years for decreasing levels of probation.[3]

Defendant appealed his convictions to the Delaware Supreme Court. On direct appeal, Defendant renewed his suppression arguments. He insisted that the informant's tip was too unreliable to support a reasonable suspicion that he possessed a gun. On July 27, 2021, the Supreme Court disagreed and affirmed.[4]

---

[1] Defendant had two prior "violent" felony convictions at the time, enhancing the penalties for the PFBPP charge. *See* 11 *Del. C.* § 1448(e)(1)(c) (2021).

[2] *Diggs v. State,* 2019 WL 1752644 (Del. Super. Ct. Apr. 16, 2019).

[3] The State subsequently dropped the concealed weapon and resisting charges, which were severed from the person prohibited charges.

[4] *Diggs v. State*, 257 A.3d 993 (Del. 2021). The Supreme Court's mandate was issued on August 12, 2021. *See* Mandate, *Diggs v. State*, No. 282,2020 (Del. Aug. 12, 2021), D.I. 27.

## B. This Motion

On December 4, 2021, Defendant moved *pro se* for post-conviction relief. Defendant does not maintain his innocence. Instead, his motion makes numerous, unclear allegations that, when liberally construed, boil down to four claims for relief.

First, Defendant claims his trial counsel was ineffective for not seeking to compel the informant's identity (the "Informant Claim").[5] Second, Defendant reargues the legality of the search and seizure that uncovered the firearm (the "Suppression Claim").[6] Third, Defendant insists that the Double Jeopardy Clause's anti-multiplicity doctrine prohibits separate convictions for PFBPP and PABPP (the "Double Jeopardy Claim").[7] Finally, Defendant alleges unspecified counsel errors based on "any grounds that were not raised [by his] representing attorney" (the "Catch-All Claim").[8]

## STANDARD OF REVIEW

A defendant may move for post-conviction relief under Criminal Rule 61.[9] Rule 61 provides a collateral remedy capable of overturning convictions that lack

---

[5] Def.'s R. 61 Mot. at 3 (Ground 1).
[6] *Id.* (Ground 2).
[7] *Id.* (Ground 3).
[8] *Id.* (Ground 4).
[9] Del. Super. Ct. Crim. R. 61 (2017).

integrity.[10]  But judgments are presumptively valid.[11]  And Rule 61 does not "allow defendants unlimited opportunities to relitigate" their convictions.[12]  Accordingly, a Rule 61 motion will be denied unless the defendant shows his conviction is not supported by the "sufficient factual and legal basis" that otherwise is presumed.[13]

## ANALYSIS

A Rule 61 analysis proceeds in two steps.  First, the Court must determine whether the motion clears Rule 61's procedural bars.[14]  If so, the Court next reviews the motion's merits on a claim-by-claim basis.[15]  As explained below, half of Defendant's Claims are procedurally barred and the other ones fail on the merits.

**A. The Suppression and Double Jeopardy Claims Are Procedurally Barred.**

---

[10] *E.g.*, *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013) (explaining that Rule 61 "is intended to correct errors in the trial process"); *Zebroski v. State*, 12 A.3d 1115, 1120 (Del. 2010) (explaining that Rule 61 balances the law's interest in conviction finality "against . . . the important role of the courts in preventing injustice").

[11] *See, e.g.*, *Parke v. Raley*, 506 U.S. 20, 29 (1992) (recognizing a "presumption of regularity" that attaches to all final judgments); *accord Xenidis v. State*, 2020 WL 1274624, at *2 (Del. Mar. 17, 2020).

[12] *Ploof*, 75 A.3d at 820.  *E.g.*, *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990) (cautioning that, despite the availability of post-conviction review, there must be a "definitive end to the litigable aspect of the criminal process").

[13] Del. Super. Ct. Crim. R. 61(a)(1).  *E.g.*, *Dorsey v. State*, 2007 WL 4965637, at *1–2 (Del. Nov. 6, 2007).

[14] *E.g.*, *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[15] *E.g.*, *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017).

4

Rule 61 is "nothing other than a procedural device."[16] By consequence, there are several procedural "limitations on the availability of postconviction relief."[17] Rule 61 contains four procedural bars that, if applicable, preclude the Court from reviewing the merits of the defendant's motion.[18] Two of those bars are applicable here: procedural default and prior adjudication.[19]

### a. The Suppression Claim was adjudicated already.

Under Rule 61(i)(4), any claim that has been fully litigated prior to a final conviction cannot be rearticulated as a claim for post-conviction relief. Here, Defendant has again asked the Court to consider the decisions of the suppression court and the Delaware Supreme Court. But these decisions are the final decisions of two courts before which Defendant litigated the Suppression Claim already. And Rule 61 is not a vehicle for appealing a decision of the Supreme Court that rejected a claim first rejected by this Court. Accordingly, the Suppression Claim is barred and dismissed.

### b. The Double Jeopardy Claim is defaulted.

Under Rule 61(i)(3), claims that were not raised on direct appeal, but could have been, are barred on collateral attack. Here, Defendant's claim that his separate

---

[16] *Bailey v. State*, 588 A.2d 1121, 1125 (Del. 1991).
[17] *Ploof*, 75 A.3d at 820.
[18] Del. Super. Ct. Crim. R. 61(i)(1)–(4).
[19] *Id.* R. 61(i)(3)–(4).

PFBPP and PABPP convictions violate the Double Jeopardy Clause could have been raised on direct appeal.[20] Defendant failed to raise it. True, there is a cause-and-prejudice exception to Rule 61(i)(3)'s waiver.[21] But Defendant has not acknowledged, let alone shouldered, the burden of satisfying that exception. Accordingly, the Double Jeopardy Claim is barred and dismissed.[22]

## B. The Informant and Catch-All Claims Fail to Show Ineffective Assistance

Best read, the remaining Claims allege ineffective assistance of counsel. These Claims are not procedurally barred because Defendant's motion is timely, not successive and his ineffective assistance allegations could not have been raised or resolved on direct appeal.[23] Nevertheless, Defendant's allegations fail to state a claim for post-conviction relief.

---

[20] *E.g.*, *Clark v. State*, 2022 WL 557674, at *3–4 (Del. Feb. 24, 2022). Moreover, to the extent this Claim challenges Defendant's sentence, the Court cannot review it. Rule 61 applies to convictions, not sentences. By consequence, "sentencing claims are not cognizable under Rule 61." *Gilmore v. State*, 2016 WL 936990, at *1 (Del. Mar. 10, 2016). *See Wilson v. State*, 2006 WL 1291369, at *2 (Del. May 9, 2006); *cf.* Del. Super. Ct. Crim. R. 35.

[21] *See* Del. Super. Ct. Crim. R. 61(i)(3)(A)–(B).

[22] The Court notes that, even if not procedurally barred, the Double Jeopardy Claim would fail on the merits. It is well-established that imposing separate convictions for PFBPP and PABPP does not violate the Double Jeopardy Clause. *E.g.*, *Brown v. State*, 2021 WL 2588923, at *1 (Del. June 24, 2021).

[23] *See, e.g.*, *Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("Simply put, ineffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgment of conviction under the Superior Court's rules and this Court's precedent. Put yet another way, the failure to assert an ineffective-assistance-of-counsel claim in the proceedings leading to the judgment of conviction is not a procedural default." (footnote omitted)).

Defendants have a right to effective assistance of counsel.[24] But simply calling counsel's representation ineffective does not make it so. To demonstrate ineffective assistance, a defendant must show "first, that his counsel's representation fell below an objective standard of reasonableness and, second, that the deficiencies in counsel's representation caused him substantial prejudice."[25] This is a "heavy burden."[26] "Mere allegations of ineffectiveness will not suffice."[27] A finding of ineffective assistance must be "compelled" by the record.[28] To be ineffective, counsel's assistance must "so undermine[] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[29]

The standards governing deficient performance and substantial prejudice are "well-worn."[30] To satisfy the deficient performance prong, the defendant must establish that "no reasonable lawyer would have conducted the defense as his lawyer did."[31] In evaluating counsel's performance, the Court assesses counsel's decisions,

---

[24] *E.g.*, *Reed v. State*, 258 A.3d 807, 821 (Del. 2021).
[25] *Green*, 238 A.3d at 174 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).
[26] *Id.*; *accord Swan v. State*, 248 A.3d 839, 859 (Del. 2021).
[27] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[28] *Swan*, 248 A.3d at 859 (internal quotation marks omitted).
[29] *Strickland*, 466 U.S. at 686; *accord Shockley v. State*, 565 A.2d 1373, 1376 (Del. 1989).
[30] *Ploof*, 75 A.3d at 820.
[31] *Green*, 238 A.3d at 174 (internal quotation marks omitted).

not the results of those decisions.[32] The outcomes of otherwise reasonable trial strategies and professional judgments are "virtually unchallengeable."[33]

Deficient performance alone will not invalidate a conviction.[34] The defendant also must show prejudice: "a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different."[35] "A reasonable probability means a probability sufficient to undermine confidence in the outcome . . . ."[36] And "[t]he likelihood of a different result must be substantial[,] not just conceivable."[37] Failure to state prejudice with particularity is "fatal."[38] "[T]here

---

[32] *E.g.*, *Neal v. State*, 80 A.3d 935, 942 (Del. 2013) ("Because it is all too easy for a court examining counsel's defense after it has proved unsuccessful to succumb to the distorting effects of hindsight, counsel's *actions* are afforded a strong presumption of reasonableness." (emphasis added) (alteration and internal quotation marks omitted)); *see also Burns v. State*, 76 A.3d 780, 788 (Del. 2013) ("[E]ven evidence of isolated poor strategy, inexperience, or bad tactics does not necessarily amount to ineffective assistance of counsel." (alterations and internal quotation marks omitted)).

[33] *Swan*, 248 A.3d at 859 (internal quotation marks omitted).

[34] *E.g.*, *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) ("[I]neffectiveness claims alleging a deficiency in . . . performance are subject to a general requirement that the defendant *affirmatively prove prejudice*." (internal quotation marks omitted)).

[35] *Swan*, 248 A.3d at 859 (internal quotation marks omitted).

[36] *Green*, 238 A.3d at 174 (internal quotation marks omitted).

[37] *Swan*, 248 A.3d at 859 (internal quotation marks omitted).

[38] *Purnell v. State*, 106 A.3d 337, 342 (Del. 2014) (internal quotation marks omitted); *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996) ("[F]or a claim of ineffective assistance of counsel to prevail, the defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.").

is no need to analyze whether an attorney performed deficiently if the alleged deficiency did not prejudice the movant."[39]

### 1. The Informant Claim fails.

As noted above, a claim for ineffective assistance requires evidence that counsel's performance undermined confidence in the outcome of the proceedings. The Informant Claim contains within it the assumption that a motion by Defendant's counsel would have yielded the identity of the informant and, once revealed, the informant would have been located and then brought in to testify. Defendant does not explain what would have happened after that, but he clearly presumes that the witness would have had helpful things to say about Defendant.

While not cited by Defendant, discerning readers will recognize that Defendant's motion is governed by Delaware Rule of Evidence 509, which "follows the rule set forth in *State v. Flowers*."[40] In Superior Court, a so-called "*Flowers*" motion may be filed by the defense to unmask the identity of an unnamed informant.

Although D.R.E. 509 generally allows the government to keep an informant's identity confidential, the *Flowers* court identified four fact patterns in which the informant's identity may be relevant:

    (i)  The informant is used "merely to establish probable cause for a search;"
    (ii)  the informant "witnesses the criminal act;"

---

[39] *Ruffin v. State*, 2019 WL 719038, at *2 (Del. Feb. 19, 2019).
[40] Del. R. Evid. 509 cmt. (citing *State v. Flowers*, 316 A.2d 564 (Del. Super. Ct. 1973)).

9

(iii)  the informant "participates but is not a party to the illegal transaction;" and

(iv)  the informant "is an actual party to the illegal transaction."[41]

Importantly, *Flowers* emphasized that D.R.E. 509's non-disclosure privilege applies to category (i).[42]

The informant in this case clearly fits into category (i).  The informant supplied information that the police used to investigate whether Defendant was a felon in possession of a firearm.  In other words, the informant "merely" provided a basis for stopping and then potentially searching Defendant.  As a result, the State would have been free to deny disclosure of the informant's identity.  So had Defendant's counsel filed a *Flowers* motion, it would have been denied.  That means the motion would have been futile.  And Defendant's counsel "cannot be found ineffective for failing to file a futile motion."[43]  Accordingly, this Claim fails.

---

[41] *Flowers*, 316 A.2d at 567 (formatting added) (citations omitted).  *See* Del. R. Evid. 509(c)(2).

[42] *Flowers*, 316 A.2d at 567.  *See Riley v. State*, 249 A.2d 863, 865–66 (Del. 1969).

[43] *State v. Prince*, 2022 WL 211704, at *7 (Del. Super. Ct. Jan. 24, 2022).  *E.g.*, *McNair v. State*, 2021 WL 2029195, at *1 (Del. May 18, 2021); *Mays v. State*, 2007 WL 1192072, at *1 (Del. Apr. 24, 2007); *State v. Colburn*, 2016 WL 3248222, at *4 (Del. Super. Ct. June 1, 2016); *State v. Whitehurst*, 2016 WL 1424502, at *11 (Del. Super. Ct. Mar. 31, 2016); *State v. Rowley*, 2014 WL 595241, at *3 (Del. Super. Ct. Jan. 13, 2014); *State v. Robinson*, 2012 WL 1415645, at *2 (Del. Super. Ct. Jan. 31, 2012).  *See State v. Hammond*, 2011 WL 4638778, at *3 (Del. Super. Ct. Sept. 27, 2011) ("There is no requirement, anywhere, that a defense attorney must discuss futile claims with a client."); *State v. Manley*, 1996 WL 527322, at *6 (Del. Super. Ct. Aug. 1, 1996) ("'[T]he defense bar . . . [is] not obligated to make futile arguments on behalf of . . . clients.'" (quoting *United States v. Zafiro*, 945 F.2d 881, 886 (7th Cir. 1991), *aff'd*, 506 U.S. 534 (1993))).

This is not a close call. The Supreme Court on direct appeal dealt at length with the nature of the informant's information. The Court analyzed the question of whether the informant was a "citizen informant" whose reliability is generally not questioned. While the Court believed the suppression court's characterization of the informant as a "citizen informant" may have been an overstatement, it still found that the informant need not have supplied "probable cause" but only a "reasonable articulable suspicion."[44] This was because Defendant's behavior upon being approached by the police supplied an additional basis upon which to apprehend him. If the informant in *Flowers* was not discoverable for "merely" supplying probable cause, then there is even less of a basis for providing discovery when an informant merely supplies reasonable articulable suspicion to justify a stop for further inquiry.

Satisfied that a motion to reveal the identity of the informant in this case would have been denied had it been filed, the Court finds no prejudice to Defendant resulting from his counsel's "failure" to file such a motion. Absent prejudice, the Informant Claim does not set forth a basis for relief under Rule 61.

### 2. The Catch-All Claim fails.

Finally, Defendant's broad attempt to move on every "ground not raised" by his attorney because his attorney "did not raise them" fails to state a cognizable claim under Rule 61. For one thing, Rule 61(b)(2) requires motions to "specify all the

---

[44] *E.g.*, *Diggs*, 257 A.3d at 1007–09.

11

grounds for relief which are available to the movant and of which the movant has or, by the exercise of reasonable diligence, should have knowledge, and [to] set forth in summary form the facts supporting each of the grounds thus specified." Put differently, Rule 61 does not allow a defendant to insert a "placeholder" for any other allegation that he may come up with at some point during post-conviction proceedings.[45] Defendant's attempt to do so anyway fails to state a properly reviewable claim under Rule 61.

For another, even if the Court assumed that the Catch-All Claim alleges ineffective assistance of counsel, it would obviously fail to show any prejudice. Since it seeks relief on "any ground," the Catch-All Claim invites an unfocused reexamination of the entire record instead of offering specific allegations of prejudice. But failure to allege prejudice with particularity is fatal to an ineffective assistance claim.[46] So this Claim fails for lack of prejudice too.

---

[45] *E.g.*, *Nicholson v. State*, 1990 WL 168266, at *2 (Del. Oct. 3, 1990) ("This Court has clearly and unmistakably ruled that, under Superior Court Criminal Rule[] 61(b)(2) . . . a defendant must include all available grounds for relief in his first petition of review . . . ."); *see also Wilson v. State*, 2019 WL 318447, at *2 (Del. Jan. 22, 2019) ("The Superior Court is not required to address a claim for [post-conviction] relief that is not fairly presented for decision.")

[46] *Purnell*, 106 A.3d at 342; *Dawson*, 673 A.2d at 1196; *Albury*, 551 A.2d at 60.

**CONCLUSION**

Lacking any arguably meritorious claims, Defendant's Rule 61 motion is **DENIED**.

  **IT IS SO ORDERED**.

Charles E. Butler, Resident Judge